**FILED**
**APRIL 17, 2007**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODNEY G. ISAACS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0060 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner RODNEY G. ISAACS has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. Petitioner is presently incarcerated at the Jordan Unit in Pampa, Texas pursuant to an April 14, 2003 conviction for the offense of robbery out of Grayson County, Texas, and the resultant 8-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

In his habeas application, petitioner appears to argue:

1. Petitioner was denied effective assistance during the prison grievance process;

2. Petitioner was denied due process during the prison grievance process because respondent refused to give petitioner, or a correctional officer petitioner accused of destroying petitioner's water bottle, a lie detector test after petitioner requested one be administered to both parties; and

3. Petitioner was denied due process during the prison grievance process because, although his grievance was purportedly investigated, the investigator did not contact petitioner and obtain his version of the events.

Petitioner appears to request this Court direct respondent to reconsider petitioner's grievance, conduct a full investigation into the loss of petitioner's water bottle and alleged harassment by a named correctional officer, and the replacement of petitioner's water bottle or restitution therefor.

On March 30, 2007, this Court noted petitioner's claims appear to be civil rights allegations rather than habeas corpus allegations because of the relief sought as outlined above. Petitioner was directed to advise the Court as to whether he wished to pursue a habeas action or a civil rights action. On April 6, 2007, petitioner filed his response wherein he stated:

> All petitioner is asking for is that the water bottle that Officer Darrin Willis took be replaced with a new one, or the 30¢ be put on petitioner's books so petitioner can replace sed [sic] water bottle himself, and harassment against petitioner STOP, and NO further harassment befall this petitioner.

Petitioner requested his response "be filed under the terms of a Writ of Habeas Corpus."

II.
MERITS OF ALLEGATIONS

Petitioner challenges the denial of prison grievance number 2007077973 wherein he sought a new water bottle as replacement for the one he alleged was destroyed by a correctional officer. Petitioner contends he was denied due process and effective assistance of counsel during the prison grievance process.

"[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499. Here, petitioner's allegations challenge an aspect of petitioner's confinement, and petitioner appears to seek injunctive, declaratory, or monetary relief. Petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. Petitioner's claims are not cognizable in a federal habeas corpus action. Petitioner's claims should have been presented as a civil rights complaint under 42 U.S.C. §1983. Petitioner, however, has indicated he did not intend to pursue his claims in a civil rights lawsuit, instead maintaining he is seeking relief pursuant to the instant habeas corpus proceeding. As petitioner's claims are not cognizable in a federal habeas corpus action the petition should be dismissed.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner RODNEY G. ISAACS be DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).